## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:19 CR 371** |
| | ) | |
| *Plaintiff,* | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| -vs- | ) | |
| | ) | |
| **JESSI W. WHITE,** | ) | |
| | ) | |
| *Defendant.* | ) | |

## SENTENCING MEMORANDUM SUBMITTED
## ON BEHALF OF JESSI W. WHITE

Now comes Defendant, Jessi W. White, by and through undersigned counsel, and hereby respectfully submits this Sentencing Memorandum, which is incorporated herein by reference. Defendant requests that this Court impose a sentence of 24 months incarceration, to be served concurrently with the remaining prison time which Defendant must serve for his original federal conviction (Case No. 1:12-CR-285) and prior state conviction (Lake County, Case No. 16-CR-000133). The requested sentence will constitute a reasonable sentence within the meaning and under the guidance of 18 U.S.C. §3553.

Respectfully submitted,

*/s/ Michael J. Goldberg*

**Michael J. Goldberg (0040839)**
**THE GOLDBERG LAW FIRM, LLC**
323 W Lakeside Avenue, Suite 450
Cleveland, Ohio 44113
Telephone: (216) 696-4514
Facsimile: (216) 781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing have been filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Michael J. Goldberg*

**Michael J. Goldberg (0040839)**
*Attorney for Defendant*

## MEMORANDUM

### I.    STATEMENT OF CASE

On June 19, 2019, Defendant, Jessi W. White, was charged in a one-count indictment, to-wit: *Escape*, in violation of 18 U.S.C. § 751(a). The charge alleged that – on October 29, 2015 – Defendant knowingly escaped from the custody of Oriana House Residential Reentry Center (Oriana House). At the time, Defendant was serving a 71-month sentence at the Federal Correctional Institution Schuylkill (Schuylkill) relating to a prior conviction for conspiracy to possess with the intent to distribute (cocaine and cocaine base). *See* Case No. 1:12-CR-285.

On October 6, 2015, Defendant was transferred from Schuylkill to Oriana House. On October 29, 2015, Defendant was approved for scheduled movement from 12:30 p.m. to 3:00 p.m.; however, it was not until 4:30 p.m. that Defendant was returned by an officer of the Cleveland Police Department, who stated Defendant had been in a vehicle from which a weapon had been tossed. The officer further stated Defendant was not responsible for the weapon. Defendant's movements were restricted as a result of the incident. Later the same evening, at 11:11 p.m. and 11:18 p.m., Defendant departed the facility without approval. The escape was reported on October 30, 2015.

At that time, Defendant had approximately 20 months (600 days) remaining to serve on the sentence imposed in Case No. 1:12-CR-285. During Defendant's unaccounted for absence from Oriana House, he was arrested and charged with drug trafficking in Lake County, Ohio. He was in Lake County Jail from February 8, 2016 forward. On September 29, 2016, Defendant was sentenced to 5 years of incarceration

3

(with 249 days of jail time credit) related to convictions for drug trafficking in state court. *See* Lake County Common Pleas Court, Case No. 16-CR-000133; Lake County Sentencing Entry attached as **Exhibit A**. With respect to the state court matter, the expiration date of Defendant's stated prison term is January 19, 2021. *See attached* as **Exhibit B**, State Sentence Sheet. Defendant was in state custody for his arrest in Lake County on February 8, 2016 until his transfer to US Marshals' detention to face these charges on July 19, 2019. During Defendant's detention in Lake County, the undersigned attempted to determine the status of his federal detainer for the present escape charge. It only recently became known that a request for apprehension was issued by the Bureau of Prisons to the US Marshal on October 30, 2015. *See* Memo attached as **Exhibit C**.

In the instant case, Defendant entered a plea of guilty to the sole count of the indictment on September 11, 2019. The plea was entered pursuant to Criminal Rule 11 – under which Defendant and the Government agreed to recommend that this Court impose a sentence within the advisory guideline range (set forth below). Thereafter, this Court accepted Defendant's plea, found him guilty, and scheduled this matter for sentencing on January 7, 2020. Following the plea, this matter was referred to the U.S. Probation Office to prepare a presentence investigation report. The offense conduct set forth in the Presentence Investigation Report, at ¶¶ 8–11, accurately reflects Defendant's actions and forms the factual basis of the guilty plea.

## II. LAW AND ARGUMENT

### A. Defendant's Suggested Guideline Calculation

Under the statutory scheme set forth in 18 U.S.C. § 751(a), the applicable

4

portions of the United States Sentencing Guidelines, and with a Criminal History Category of V, Defendant's advisory sentencing range is 24-30 months. The calculation is as follows:

Count 1: *Escape* 18 U.S.C. § 751(a)

| | |
|---|---:|
| **Base Offense Level**<br>USSG § 2P1.1 | **13** |
| **Acceptance of Responsibility**<br>USSG § 3E1.1(a) | **-2** |
| **Total Offense Level** | **11** |
| **Criminal History Category**<br>USSG Chapter 5, Part A | **V** |
| **Guideline Range** | **24-30 months** |

Defendant does not object to the Probation Department's calculation of the guideline range in this matter. Accordingly, this Court is now charged with imposing a reasonable sentence that is no greater than necessary to serve the purposes of sentencing. For the reasons more fully set out below, it is respectfully requested that this Court sentence Defendant to a Guideline sentence which runs *concurrent* with the sentence his is presently serving.

### i. The Sentencing Guidelines are merely advisory and not binding upon the Court in imposing a fair and reasonable sentence.

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the Sentencing Guidelines are advisory only, not mandatory, and, that other factors set forth in 18 U.S.C. § 3553(a) must be considered in fashioning the appropriate sentence. *Id*. at 790 (finding sentencing guidelines are but one of many statutory concerns that

5

federal courts must take into account during sentencing determination). These factors, as set forth in 18 U.S.C. § 3553(a), include:

1.   The nature and circumstances of the offense and the history and characteristics of the Defendant;

2.   The need for the sentence imposed B (A) to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the Defendant; and (D) to provide the Defendant with needed education or vocational training; medical care or other correctional treatment in the most effective manner;

3.   The kinds of sentences available;

4.   The advisory guideline range;

5.   Any pertinent policy statements issued by the Sentencing Commission;

6.   The need to avoid unwarranted sentence disparities;

7.   The need to provide restitution to any victims of the offense. *See Booker*, 125 S. Ct. at 764.

Following the Supreme Court's finding in *Booker*, district courts have held that "fashioning a just sentence cannot be reduced to a mere arithmetical exercise [and that] reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of judgment." *United States v. Biheiri*, 356 F. Supp. 2d 589 (E. D. Va. 2005).

As stated in *Booker*, Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable. 125 S. Ct. at 766.

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts to impose a sentence sufficient, but not greater than necessary, to achieve the four (4) purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005). The United States Supreme Court reemphasized the district court's discretion in fashioning a reasonable sentence. *See United States v. Gall*, 2007 WL 4292116 (Case No. 06-7949, December 10, 2007). Additionally, the Sixth Circuit has already ruled to apply this broadly discretionary reasonableness analysis. *See United States v. Lalonde*, 2007 WL 4321998 (6th Cir. Case No. 06-4536, December 12, 2007).

Here, Defendant respectfully requests that this Court impose a sentence of 24 months incarceration. Defendant requests that the sentence run ***concurrent*** with the federal and state convictions for which he is currently serving prison time. Defendant submits the requested sentence complies with law, fairly reflects the seriousness of the offense, will promote respect for the law and will provide just punishment for the offense by requiring that he serve a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). The appropriateness of Defendant's request is most logically explained under the circumstances of the offense analysis.

### B. Concurrent sentences are appropriate and just under the specific circumstances of this offense

Including the matter before the Court, Defendant currently faces the following sentencing array:

- <u>Time Remaining on State Sentence:</u>      **377 days** (approx. 12 months)
  Lake County Case No. 16-CR-00133

- <u>Time Remaining on Unfinished Federal Sentence:</u> **600 days** (approx. 20 months)
  U.S. Dist. Case No. 1:12-CR-285

- <u>Potential Guideline Sentence on Instant Case:</u>    **24–30 months**
  U.S. Dist. Case No. 1:19-CR-371

Defendant's current state sentence is, by operation of law and not by judicial order, running consecutive to his federal sentence.[1] If the Defendant is simply sentenced in this matter to prison consecutive with his current sentences, he can expect to begin 44–50 months at the conclusion of his state sentence, which will be at the conclusion of serving the 5-year state term. The combined effect of the escape and the new crime will be 7 to 7.5 years (i.e., 74–80 months). In light of the circumstances of this particular case, the fact that Defendant has been seeking resolution of his escape case for over 3 years, and has been available to the federal system for almost 4 years, the Court would be justified in running all of the federal time concurrently.

Defendant respectfully requests this Court order him to immediately be transferred to the custody of the US Bureau of Prisons to serve the sentence in this case concurrently with the 20 months remaining on Case No. 12-CR-285, to be followed by a term of supervised release. Defendant has served approximately 47 months on his sentence in the state case, as it stands today, almost none of this time will apply towards his federal sentences. It is respectfully submitted that the above sentencing

---

1 At the time of sentencing in the state matter, there was no federal detainer that was discoverable by the undersigned. Defendant was sentenced to the Ohio Dept. of Corrections and delivered, in due course, to that entity. Had there been a detainer in place, Defendant would have been transferred to federal custody and would have, by operation of law, began serving his state sentence concurrently with his existing federal sentence.

sufficiently punishes Defendant, but is also not greater than necessary to comply with the purposes of sentencing set forth in paragraph 2 of 18 U.S.C. § 3553. Should this occur, Defendant will, at best, serve a minimum aggregate of **119 months** – or nearly **10 years of actual time** served.

When Defendant was arrested on his original federal case (Case No. 12-CR-285), he was 6 months shy of his 20th birthday. He is now 27 years old. If the recommended sentence is imposed, he will have served the entire decade of his 20s in prison. While this fact is due solely to Defendant's own actions, this Court should consider Defendant's acceptance of responsibility and education from his punishment as genuine. *See attached* **Exhibit D** (Defendant's letter to Judge Patrick Condon, which was filed in support of Defendant's motion for judicial release. This motion has been denied, twice, by the Lake County Court). By imposing this sentence concurrently, this Court can adequately punish him while giving him some relief from the strictest possible prison sentence, which would see him incarcerated for an additional 63 months from today.

Finally, a concurrent sentence is neither prohibited by statute nor addressed under the Guidelines. The fact is, had Defendant not been subject to a federal detainer, one he had attempted to address now for several years, he would have been able to make bail, and been eligible for transitional control and/or judicial release on his state sentence. However, the presence of the federal detainer required Defendant be incarcerated immediately from February 8, 2016 until today. Paperwork relative to the federal detainer was not provided to Defendant until approximately June 13, 2018. *See*

9

*attached* **Exhibit E** . The circumstances relative to Defendant's multiple sentences and overlapping incarcerations mitigate towards a more limited imposition of prison time than that which is otherwise available to the Court.

The circumstances of this offense are not aggravating and, in fact, constitute truly the least serious form of the offense of Escape under 18 U.S.C. 751(a). This statute applies to all breaking of federal custody, including acts of physically breaking out of a secured correctional facility and situations where force, threat of force, and/or danger or harm is caused to persons or property. Here, Defendant walked away from a non-secure community-based facility. Had he returned voluntarily within 4 days without committing a new offense, his offense level would have been a 5 after acceptance. Instead, he committed another felony and received a 5 year sentence. The act of walking away was serious, but does not merit additional prison time outside of the time already reactivated on the old case and along with that, he has been more than adequately punished under state law for his crime after his escape.

### C. Other Sentencing Considerations

Defendant submits the requested sentence – i.e., 24 months to be served concurrent to the remaining prison time Defendant will be serving relative to both his prior federal case and his convictions in state court – is appropriate in this matter in light of the similarity that each of the three cases were all the byproduct of Defendant's long-term struggle with drugs. It is respectfully submitted that this common root, coupled with the significant amount of prison time Defendant has already and will continue to serve, render the requested sentence both fair and reasonable.

10

Defendant was 19 years old at the time he was sentenced to 71 months of incarceration. His PSI history shows a record of petty crime and drug use beginning at the age of 11. Defendant was admitted to a treatment in lieu of conviction program which lasted a scant 5 weeks before his drug use terminated his participation. Defendant does take full responsibility for the actions which led to his conviction in this matter and he does not make light of any of his prior convictions from the other two cases. He has learned a serious, agonizing lesson from these cases.

A sentence in this matter which runs concurrent to the remaining prison time Defendant must serve is sufficient, but not greater than necessary and which complies with the purposes of sentencing set forth under 18 U.S.C. § 3553(a). Defendant now has done serious, hard time. He is nearly at the end of his 20s and has spent all but 3 months of the last 7.5 years incarcerated and spent the last 4 years not knowing when this day would come or when he would eventually be released from prison. Under these circumstances, this has indeed been hard time. By this Court taking Defendant back into federal custody to serve his remaining sentence, Defendant can avail himself to at least the recidivist reduction programming to help the much more mature person he has become reintegrate to the community upon his release.

III.    **CONCLUSION**

For the foregoing reasons, Defendant, Jessi W. White, respectfully requests that this Court impose a sentence of 24 months incarceration – to be served concurrently with the remaining prison time which Defendant must serve for the prior federal conviction (Case No. 1:12-CR-285) and the prior state conviction (Lake County, Case

11

No. 16-CR-000133) – coupled with any other sanctions this Court deems appropriate and just. Defendant submits this sentence fairly reflects the seriousness of the offense, will promote respect for the law, avoids unwarranted disparities and provides just punishment for the offense by requiring that he serve a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ Michael J. Goldberg
**Michael J. Goldberg (0040839)**
**THE GOLDBERG LAW FIRM, LLC**
323 W Lakeside Avenue, Suite 450
Cleveland, Ohio 44113
Telephone: (216) 696-4514
Facsimile: (216) 781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*