UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:19 CR 00371 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| JESSI WHITE, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Jessi White's ("Defendant") Motion to Reduce Sentence pursuant to 28 U.S.C. § 3582(c)(1)(A)(i). (ECF #28). The Government filed a Response in Opposition to Defendant's motion. (ECF #29). For the reasons set forth herein, Defendant's motion is DENIED.

Defendant was serving a federal prison sentence in October of 2015 for a drug conspiracy case arising out of the Northern District of Ohio. After serving approximately 50 months in federal prison, Defendant was transferred to Oriana House Residential Reentry Center under community supervision. Shortly thereafter, Defendant escaped from the facility with 20 months of his sentence remaining. While Defendant was illegally absent from the reentry center, he was charged and convicted of several drug trafficking offenses in Lake County, Ohio. Defendant was sentenced to five years of incarceration in state court. In June of 2019, while serving his state court's sentence, Defendant was charged with escaping from the Oriana House during his federal sentence. He was sentenced to 30 months imprisonment to be run concurrently with his state sentence. Despite the Court ordering this sentence to be concurrent with Defendant's state

1

sentence, Defendant did not begin serving his federal sentence until his state sentence was terminated and he was not credited with any time served from his state sentence.

The Defendant urges the Court to reduce his sentence under 28 U.S.C. § 3582(c)(1)(A)(i), which authorizes the modification of a sentence if the defendant has "fully exhausted all administrative rights to appeal" and if "extraordinary and compelling reasons warrant such a reduction." Defendant argues that the Bureau of Prison's ("BOP") failure to properly attribute Defendant's concurrent sentence, as it was ordered by the Court, is an extraordinary and compelling reason to reduce sentence because this failure will amount to the Defendant serving approximately one additional year in prison.

Although Defendant asks the Court for a reduced sentence under the auspices of compassionate release, Defendant's claim is directly challenging the BOP's computation of his sentence. As such, this claim should be presented under 28 U.S.C. § 2241. Habeas corpus proceedings under §2241 are confined to the jurisdiction of district courts where the custodian is located. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) (citing *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484 (1973)). Therefore, because Defendant is incarcerated at FCI Butner facility in Butner, North Carolina, this Court cannot address Defendant's claim.

Even if this Court found Defendant's motion under § 3582(c)(1)(A)(i) to be properly before it, it would still fail. It is true that the Sixth Circuit has held that district courts can now consider any factor, beyond the circumstances outlined in the sentencing guidelines, when evaluating extraordinary and compelling reasons for compassionate release of a defendant-filed motion. *United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021). However, Defendant fails to provide any legal authority to support his claim that the failure of BOP to properly commute his sentence should satisfy the standard of extraordinary and compelling under compassionate

release. Further, "facts that existed at sentencing cannot later be construed as 'extraordinary and compelling' reasons to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). Here, there is no evidence to indicate that any facts of the case or personal circumstances of the defendant have changed since sentencing. The only difference between now and the circumstances at the time of sentencing is an alleged miscalculation by the BOP of the relationship between Defendant's state and federal sentence. This alleged error, amounting to approximately one year of time served, does not constitute an extraordinary and compelling reason to reduce sentence. In fact, an alleged failure to accurately credit Defendant's sentence is consistent with the nature of sentencing changes that the Sixth Circuit has found to be an *improper basis* upon which to find an extraordinary and compelling circumstance. See *United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021); *Hunter*, 12 F.4th 555; *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021). Defendant does not provide any other reason that would demonstrate an extraordinary and compelling circumstance.

This Court finds that Defendant's Motion to Reduce Sentence pursuant to 28 U.S.C. § 3582(c)(1)(A)(i) should instead be filed under 28 U.S.C. § 2241. As such, Defendant's claim is not properly before this Court and the Court is unaware of any other basis upon which Defendant could qualify for a reduction or modification of his sentence. For these reasons, Defendant's motion is DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATED: April 6, 2022